# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

Lyle W. Cayce
Clerk

No. 09-50678
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HIPOLITO GARCIA-MONTANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-251-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hipolito Garcia-Montano appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. He contends that the sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Specifically, Garcia-Montano argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 was not empirically based and gave excessive weight to his prior drug conspiracy conviction by double-counting the prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to establish his guidelines range.   He contends that the guidelines range overstated the seriousness of his nonviolent reentry offense and failed to account for his motive for reentering the United States.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

This court has consistently rejected Garcia-Montano's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).   The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). Additionally, this court has rejected the argument that double-counting necessarily renders a sentence unreasonable. *Duarte*, 569 F.3d at 529-31.

The district court considered Garcia-Montano's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Garcia-Montano's assertions regarding § 2L1.2's lack of an empirical basis, the weight given his prior drug conspiracy conviction, the nonviolent nature of his offense, and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).   As Garcia-Montano has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion, the district court's judgment is AFFIRMED.